# EXHIBIT 13

Order of the Commissioner of Public Health

## ORDER OF THE COMMISSIONER OF PUBLIC HEALTH PURSUANT TO THE GOVERNOR'S SEPTEMBER 24, 2019 DECLARATION OF A PUBLIC HEALTH EMERGENCY

On September 24, 2019, Governor Charles D. Baker issued a declaration that a public health emergency exists in the Commonwealth due to severe lung disease associated with the use of e-cigarettes and vaping products and the epidemic of e-cigarette use among youth. For the reasons set forth in the declaration, in addition to evidence and facts presented at the Public Health Council meeting, and in consideration of the on-going federal and state investigation into the causes of vaping-related disease, I, with the approval of the Governor and the Public Health Council pursuant to G.L. c. 17, §2A, issue the following Order:

The sale or display of all vaping products to consumers in retail establishments, online, and through any other means, including all non-flavored and flavored vaping products, including mint and menthol, including tetrahydrocannabinol (THC) and any other cannabinoid, is prohibited in the Commonwealth.

"Vaping products" means: 1) any product intended for human consumption by inhalation regardless of nicotine content, whether for one-time use or reusable, that relies on vaporization or aerosolization, including but not limited to electronic cigarette, electronic cigars, electronic cigarillos, electronic pipes, electronic vaping product delivery pens, hookah pens, and any other similar devices that rely on vaporization or aerosolization; and 2) any component, part, or accessory of a product or device defined in subsection 1), even if sold separately. "Vaping products" does not include any product that has been approved by the federal Food and Drug Administration either as a tobacco use cessation product or for other medical purposes and which is being marketed and sold or prescribed solely for the approved purpose.

While this Order is in effect the Department of Public Health, along with any board of health or authorized agent pursuant to G.L. c. 111, §30, may take any enforcement action permitted by law or this Order to effectuate this Order as it applies to sales of vaping products to consumers.

Pursuant to the authority granted by G.L. c. 17, §2A, this Order may be enforced in the manner of a regulation adopted pursuant to G. L. c. 111, §31, and by injunction through proceedings initiated in the Superior Court. A person or entity found in violation of this Order may also be subject to the maximum fine provided in G. L. c. 111, §31; provided that violations shall be calculated on a per item and per transaction basis and may be punished cumulatively. Subject to valid court order issued by a court of competent jurisdiction, State Police or local law enforcement may seize any vaping products from entities or persons that continue to display or sell vaping products in violation of this Order.

The Cannabis Control Commission and the Division of Agricultural Resources shall enforce this Order to the extent it applies to their registered or licensed entities.

If any provisions of this Order or the application thereof to any person or entity or circumstance is adjudged invalid by a court of competent jurisdiction, such judgment shall not affect or impair the validity of the other provisions of this Order or the application thereof to other persons, entities, and circumstances.

This Order takes effect immediately and shall remain in effect, unless extended with the approval of the Governor and the Public Health Council, through January, 25, 2020, or until the declared public health emergency is terminated, or the Order is otherwise rescinded by me, whichever happens first.

IT IS SO ORDERED.

Monica Bharel, MD, MPH, Commissioner
Department of Public Health

Sept 24, 2019
Date