UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VAPOR TECHNOLOGY ASSOCIATION, IAN DEVINE, DEVINE ENTERPRISES, INC., CHRISTOPHER AUSTIN, RISING SUN VAPORS LLC, OHMERICA LLC, ADAM WEBSTER, THE STEAM CO. LLC,<br>            Plaintiffs,<br><br>v.<br><br>CHARLIE BAKER, in his official capacity as GOVERNOR OF THE COMMONWEALTH OF MASSACHUSETTS, and MONICA BHAREL, M.D., in her official capacity as DEPARTMENT OF PUBLIC HEALTH COMMISSIONER OF DPH MONICA, BHAREL,<br><br>            Defendants. | * * * * * * * * * * * * * * * * * * * | Civil Action No. 19-cv-12048-IT |

ORDER

October 11, 2019

TALWANI, D.J.

On September 24, 2019, Governor Charles Baker issued an Emergency Declaration under Mass. Gen. Laws ch. 17, § 2A, that "an emergency exists which is detrimental to the public health in the Commonwealth." See Governor's Declaration of Emergency [#4-7]. That same day, the Commissioner of the Department of Public Health ("DPH"), Dr. Monica Bharel, issued an Order banning the sale and display of vaping products in the Commonwealth ("Emergency Order"). Order of the Commissioner of Public Health 1 [#4-12]. The prohibition took effect immediately and is set to "remain in effect, unless extended with the approval of the Governor and the Public Health Council, through January 25, 2020," unless otherwise rescinded by the Commissioner. Id. at 2.

Plaintiffs filed this action against Governor Baker and Commissioner Bharel on October 1, 2019. See Compl. [#1]. The Complaint [#1] alleged that the Emergency Order violated the First Amendment and Dormant Commerce Clause of the federal Constitution. On the same day, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction [#3], alleging that the Emergency Order's violations of the federal Constitution have caused Plaintiffs to suffer—and, without relief, would continue to suffer—irreparable harm. Pls.' Mem. 8-10 [#4]. The following day, the court granted counsel's motions for leave to appear pro hac vice and scheduled a hearing for the morning of October 4, 2019. See Elec. Notice [#10].

The court held a hearing on October 4, 2019. Plaintiffs made no mention during the hearing of any other litigation they were pursuing in Massachusetts. The court took the request for a temporary restraining order under advisement, and set an evidentiary hearing for October 15, 2019. Elec. Clerk's Notes [#24]. Later that day, the court denied Plaintiffs' Motion [#3] as to the temporary restraining order on the grounds the Plaintiffs had failed to demonstrate a substantial likelihood of success on the merits, that the balance of hardships did not weigh in Plaintiffs' favor, and that granting the temporary restraining order would not be in the public interest. See Elec. Order, issued Oct. 4, 2019 [#25]. A written memorandum will follow.

One week later, on Friday, October 11, 2019, Plaintiffs filed a Motion to Withdraw Motion for Preliminary Injunction and Cancel the Evidentiary Hearing [#28] "so that the case may proceed in the normal course to adjudication with the benefit of discovery and a more complete record as to its significant federal constitutional issues." Plaintiffs also report that "an evidentiary hearing is already under way in a related state case based on state-law claims." Id. (citing Vapor Tech. Assoc. v. Baker, 1984 CV 03102 (Suffolk Super. Ct.). In response to the court's inquiry, Plaintiffs provided a copy of the state court complaint, which was filed on

October 4, 2019 (the same day as the emergency hearing here) by Plaintiffs Vapor Technology Association, Ian Devine, and Devine Enterprises Inc. Plaintiffs report that the state court began an evidentiary hearing on Plaintiff's motion for a preliminary injunction on October 8, 2019, and that that hearing continues. See Pls.' Notice 2 [#31].

In their motion, Plaintiffs state that "it would [be] inefficient and expensive . . . to have many of the same witnesses providing essentially the same testimony" in both the federal court and state court proceeding. Plaintiffs' concern regarding efficiency and expense falls flat where Plaintiffs are the ones who initiated multiple proceedings. And while Plaintiffs are free to withdraw their request for preliminary injunctive relief, the court has taken note that counsel has provided no explanation for the failure to inform the court on October 4, 2019, of the parallel proceedings or to request this cancellation as soon as the evidentiary hearing was commenced in state court.

Plaintiffs' Motion to Withdraw [#28] is GRANTED and the motion is considered withdrawn. A scheduling conference will be held on October 15, 2019, at 11:00 a.m., in courtroom 9 in lieu of the evidentiary hearing.

IT IS SO ORDERED.

October 11, 2019                                        /s/ Indira Talwani
                                                        United States District Judge